Glenn R. Kantor Esq., State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
JENNIFER MCMASTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MCMASTER,<br><br>         Plaintiff,<br><br>    vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND FARMERS GROUP, INC. EMPLOYEE PREPAID BENEFIT PLAN,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT** |

Plaintiff, Jennifer McMaster, herein sets forth the allegations of her Complaint against Defendants Liberty Life Assurance Company of Boston ("LIBERTY") and Farmers Group, Inc. Employee Prepaid Benefit Plan, (the "Plan").

1

**COMPLAINT**

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §1132 (a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these codes sections as well as 28 U.S.C. §1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's future rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. The Plaintiff, Jennifer McMaster, was at all times material hereto, an employee of Farmers Insurance ("Farmers"), which is headquartered in Los Angeles, California. At all times material hereto, Plaintiff was a resident of Overland Park, Kansas.

3. Plaintiff is informed and believes that Defendant Liberty is a corporation with its principal place of business in the state of Massachusetts, authorized to transact and transacting business in the Southern District of California, and can be found in the Southern District of California. Plaintiff is informed and believes that Farmers funded its long-term disability ("LTD") Plan in whole or in part via the purchase of an insurance policy from Liberty. Liberty is the insurer of all or some portion of benefits under the Plan. Liberty administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

4. Plaintiff is informed and believes that Liberty identifies the group policy it

issued to Farmers as Group Policy Number 06-004094 ("the Policy"). Plaintiff is informed and believes that the Policy was issued in the State of California. Plaintiff is informed and believes that the Policy is governed by the laws California.

5. Plaintiff is informed and believes that Defendant issued the Farmers Group Inc. Employee Prepaid Benefit Plan ("the Plan") to Farmers Group, Inc. for the benefit of its employees, agreeing to pay Plaintiff, as a participant of the Plan, long-term disability ("LTD") benefits in the event she became disabled and unable to work. Plaintiff is informed and believes that the Plan is administered in the State of California.

7. Plaintiff is informed and believes that Defendant Plan is an employee welfare benefit plan regulated by ERISA, established by Farmers, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan.

8. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. §1132(e)(2).

## FACTUAL ALLEGATIONS

### A.     Vocational Information

9. Plaintiff began employment with Farmers in January of 2010.

10. Plaintiff worked as a claims associate for Farmers.

11. According to her job description, in this position, Plaintiff's role included a number of responsibilities, including, but not limited to: investigating and determining liability; confirming coverage, establishing damages and negotiating settlement of claims; conducting office investigations on assigned cases, reviewing

1  documentation on damaged property and vehicles; reporting theft, fraud and arson
2  losses; and adjusting estimates provided on the cost of repair or replacement.

### B. The Definition of "Disability" Under the Plan.

12. The Plan defines "Disability" as the following:

> *"i. If the Covered Person is eligible for the 24 Month Own Occupation Benefit, "Disability" or "Disabled" means during the Elimination Period and the next 24 months of Disability the Covered Person is unable to perform all of the material and substantial duties of his occupation on an Active Employment basis because of an Injury or Sickness; and*
>
> *ii. After 24 months of benefits have been paid, the Covered Person is unable to perform, with any reasonable continuity, all of the material and substantial duties of his own or any other occupation for which he is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity."*

**[LTD denial letter, pg. 1]**

### C. Medical Information Supporting Plaintiff's Claim for Disability Benefits.

13. In September of 2014, Plaintiff was forced to stop working due to the disabling effects of fibromyalgia, obstructive sleep apnea, fatigue and depression.

14. As a result of these conditions, Plaintiff suffers from severe debilitating symptoms, including, but not limited to: Pain in her back and spine; the feeling that her entire body is on fire; muscular weakness exacerbated by activity; tingling and numbness in hands and feet; memory and concentration problems, and poor sleep.

15. Plaintiff, together with her physicians, has attempted to treat her multiple disabling conditions, but nothing has provided enough relief to allow her to return to work.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

16. Plaintiff's physicians have consistently held that she has remained totally disabled from performing the material duties of her own occupation, or any other, since she was forced to stop working in September of 2014, and that she remains totally and permanently disabled from working in any occupation to date.

### D. Claim Information Under the Plan.

17. In September of 2014, Plaintiff was no longer able to work due to the severity of her conditions.

18. Plaintiff applied for LTD benefits under the Plan in September of 2014.

19. In September of 2014, in recognition of her total disability, Liberty approved Plaintiff's claim and began paying her accordingly.

20. In February of 2016, Defendants reevaluated Plaintiff's claim and terminated Plaintiff's, even though Plaintiff's condition had not changed nor improved in any way.

21. In August of 2016, Plaintiff filed an appeal of the termination of her LTD benefits.

22. As part of Plaintiff's appeal, Plaintiff submitted to Liberty evidence supporting the fact that she remains totally disabled from performing the material duties of her own occupation, or any other, and that her condition has not significantly improved in any way, including:

- updated medical records showing continuous treatment for her several conditions;
- a sworn statement provided by Dr. Hansen, Plaintiff's treating physician supporting Plaintiff's continued eligibility for benefits;
- a letter from Dr. Hansen as to why he disagrees with the opinions of Liberty's hired paper reviewer; and
- a letter from Dr. Arkin, Plaintiff's treating neurologist, also explaining why he disagrees with the opinions of Liberty's hired paper reviewer.

23. Despite this, Liberty finally denied Plaintiff's claim in a letter dated

September 8, 2016, rendering her claim ripe for suit.

24. Her physicians have consistently reported to Liberty that she continues to be totally disabled from working in her own or any occupation.

25. Plaintiff provided significant medical proof of her disability to Liberty. Despite this, Defendants refused to pay Plaintiff her disability benefits.

## **CLAIMS FOR RELIEF**

26. The foregoing paragraphs are hereby re-alleged, and are incorporated herein by reference.

27. From September of 2014 until the present, Plaintiff has remained unable to perform the material duties of her own occupation, or any other.

28. Plaintiff has provided Defendants with substantial medical evidence verifying her total disability and resultant eligibility for LTD benefits under the Plan.

29. Plaintiff's physicians have reported that she is unable to work in any occupation due to the seriousness of her conditions.

30. Defendants wrongfully terminated Plaintiff's claim for long-term disability benefits in violation of the Plan and ERISA.

31. Defendants have breached the Plan and violated ERISA by failing to pay disability benefits to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

32. Plaintiff is informed and thereon alleges that Defendants wrongfully denied her LTD benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

33. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and/or as demonstrated by Defendants' actions herein, an attempt to pursue further administrative remedies

would have been futile. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

34. As a proximate result of the aforementioned wrongful conduct by the Plan, Plaintiff has damages for loss of LTD benefits in a total sum to be shown at the time of trial.

35. The wrongful conduct of Liberty and the Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan.

36. Defendant Liberty abused its discretion by wrongfully denying Plaintiff's LTD benefits.

37. By denying Plaintiff's claim despite a plethora of evidence supporting her eligibility for benefits under the Plan, Defendants denied Plaintiff's claim in bad faith.

**WHEREFORE**, the Plaintiff, Jennifer McMaster, requests that this Honorable Court enter Judgment:

A. Finding that Jennifer McMaster is entitled to long-term disability benefits and order the Defendants to pay all past due benefits and pay for future monthly benefits as they become due.

B. Award the Plaintiff interest on the amount of past due benefits, which remain unpaid.

C. Award the Plaintiff her attorney's fees and costs.

D. Award all other relief as may be just and appropriate.

DATED: December 19, 2016    KANTOR & KANTOR LLP

By: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
JENNIFER MCMASTER